UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JERMAINE ANDERSON                    CIVIL ACTION NO. 24-cv-1514

VERSUS                               JUDGE S. MAURICE HICKS, JR.

WAYNE SMITH ET AL                    MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Jermaine Anderson ("Plaintiff"), who is self-represented, filed this civil action against Shreveport Chief of Police Wayne Smith, two Shreveport police officers, the Shreveport Police Department, and City Marshal James Jefferson. He alleges that his constitutional rights were denied because the law enforcement officers "denied my rights as a crime victim." Specifically, Plaintiff alleges that he was "denied a formal investigation as a crime victim" after he was the victim of "real estate crimes, white collar crimes." He alleges that his injuries include sleepless nights, panic disorder, and an inability to focus.

Plaintiff is proceeding in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

Plaintiff's complaint should be dismissed because "[t]here is no federal constitutional right to compel an investigation." Starrett v. City of Richardson, 766 Fed.

Appx. 108, 111 (5th Cir. 2019). Similarly, there is no constitutional right to have someone criminally prosecuted because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 93 S.Ct. 1146, 1149 (1973). See also Lewis v. Jindal, 368 Fed. Appx. 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution") and Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (there is no constitutional right to have someone criminally prosecuted).

Plaintiff filed his complaint on a form for asserting violations of civil rights, and he indicated that his claims were based on 42 U.S.C. § 1983. The jurisprudence does not recognize a cause of action under Section 1983 based on the facts alleged by Plaintiff, so his complaint should be dismissed.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of November, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge